**Joseph & Norinsberg LLC**
Fighting for Employee Justice

**Queens Office**
69-06 Grand Avenue, 3rd Floor
Maspeth, New York 11378

**Manhattan Office**
110 East 59th Street, Suite 2300
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1515 Market Street, Suite 1200
Philadelphia, Pennsylvania 19102

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Ave, Suite 832
Winter Park, Florida 32790

**TONI TELLES, ESQ.**
toni@employeejustice.com
Direct: (856) 295-1365

January 25, 2024

*<u>Via ECF</u>*
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square, Room 1105
New York, New York 10007

  Re: ***<u>Baptiste v. The City University of New York, et al.,</u>***
     ***Case No.: 22-CV-2785 (JMF)***

Dear Judge Furman:

  This firm represents Plaintiff Michele Baptiste ("Plaintiff") in the above-referenced action. We write pursuant to Rule 3.E of Your Honor's individual rules, and Local Civil Rule 37.2, seeking an order compelling Defendants to identify and produce a designee to serve as a Rule 30(b)(6) witness to appear for a deposition, and compelling production of information and documents that Defendants have unreasonably withheld. The parties have met-and-conferred repeatedly, by email and phone, and that meet-and-confer process was unsuccessful. Plaintiff sets forth the nature of the dispute as follows:

**The Parties' Meet-and-Confer Demonstrates Defendants' Ongoing Unreasonable And <u>Abusive Delay Tactics</u>**

  Plaintiff served her discovery requests on September 20, 2023. *See* **Ex. A**. Shortly thereafter, on October 13, 2023, Plaintiff served Rule 30(b)(6) deposition notice. *See* **Ex. B**. After requesting a series of extensions, Defendants served their responses to Plaintiff's Interrogatories and Requests for Production of Documents on November 10, 2023. *See* **Ex. C**. Thereafter, on November 30, 2023, Defendants objected in writing to certain topics in the F.R.C.P. 30(b)(6) notice. *See* **Ex. D**. By mid-December, Defendants had yet to produce a single document in this case. As a result, on December 17, 2023, Plaintiff emailed Defendants, pointing to Defendants' gross deficiencies in their written responses to Plaintiff's discovery requests, while specifically emphasizing the need to discontinue unreasonably *withholding <u>all</u> responsive documents*. *See* **Ex. E,** Telles Email of 12/17/23. Defendants brazenly responded: "Defendants will produce documents in response to Plaintiff's document requests as soon as practicable." **Ex. E**, Schwartz Email of 12/18/23.

Plaintiff served a deficiency letter, addressed Defendants' failure to produce documents and their unreasonable objections to Plaintiffs' Rule 30(b)(6) topics, on December 21, 2023 **Ex. F**. On January 3, 2024, Defendants produced a mere 200 documents, consisting *solely* of Plaintiff's personnel file. **Ex. G**. Counsel met and conferred by phone on January 5, 2024. Plaintiff agreed in good faith to limit certain requests and Defendants then represented it would produce responsive documents on a "rolling basis" ***beginning*** on January 5, 2024. **Ex. H**. Defendants nevertheless continued their refusal to name or produce any individual in response to Plaintiff's Rule 30(b)(6) deposition notice.

The parties continued to exchange email correspondence and spoke again by phone on January 12, 2024. Defendants subsequently made two additional document productions, the most recent of which occurred on January 19th. Defendants have refused to supplement their written discovery responses, neither confirming whether they are continuing to withhold documents in response to any specific requests expressly violating Rule 34(b)(2)(C), while similarly failing to identify to what requests their produced documents correspond violating Rule 34(b)(2)(E). Critically, Defendants have similarly continued their refusal to agree to schedule the Rule 30(b)(6) deposition or produce any competent witness.

The only logical conclusion to Defendants' egregious delays and abusive tactics is that Defendants are mindful of the Court's Order cautioning that the fact discovery deadline will not be extended, and that as a result Defendants are attempting to run out the clock without engaging in discovery in good faith. Consequently, for the reasons described below, Plaintiff now moves this Court for an order compelling Defendants to (1) designate the appropriate witness(es) and schedule the noticed Rule 30(b)(6) deposition; (2) provide a complete response to Interrogatory No. 5 and produce all documents responsive to Request Nos. 11, 20, 31, 32, 34, 35, and 39-43; and (3) serve amended responses to Plaintiff's Requests for Production, identifying the requests to which their produced documents correspond.

**<u>Defendants Must Produce a Rule 30(b)(6) Witness</u>**.

As the stated justification for Defendants' refusal to identify a Rule 30(b)(6) designee, Defendants object to topic numbers 3, 4, 5, 8, 14, 15, and 16. *See* **Ex. D**. These topics are directly relevant and proportional to the parties' claims and defenses, warranting production of a witness competent to testify. Topic 3, pertaining to the removal of Lisa Coico as CUNY President, is relevant to Defendants' attempt to dismantle the Office of Diversity and Inclusion (i.e., where Plaintiff worked) to strip Plaintiff of her allies and retaliate against those officers who objected to Defendants' campaign of discrimination and retaliation. Topic 4 and 5, pertaining to the decision to appoint Boudreau as interim CUNY President, and the decision to appoint Boudreau as permanent CUNY President, are both directly and unquestionably relevant to Defendant CUNY's culpability in delegating unfettered authority to Defendant Boudreau despite documented evidence of discrimination and retaliation, which Plaintiff herself investigated. These topics are plainly relevant areas of inquiry, probative of whether Defendant Boudreau abused his power to retaliate against Plaintiff. Topic 8, regarding the search for and eventual hiring of Plaintiff's replacement after her termination, is similarly plainly relevant to Plaintiff's claims that Defendants' shifting reasons for her termination were all pretext for retaliation. To the extent Defendants claim Plaintiff's performance was a factor in her termination, the qualities, skill, and experience Defendants sought in her replacement are relevant to test Defendants' justification. Similarly, Defendants separately claimed Plaintiff's termination was for "financial reasons," and that Plaintiff's position was "downgraded," opening the door to Plaintiff's right to discover the scope

of responsibilities included in this new position, as well as how Defendants selected the candidate for Plaintiff's replacement. Continuing, Topics 14 through 16, concerning personnel decisions that Plaintiff alleges are indicative of Defendants' pattern of discriminatory hiring and firing decisions, are each relevant to Defendant Boudreau's formally entrenched and repeated instances of discriminatory practices into Defendant CUNY's staffing decisions, terminating people of color who supported Plaintiff's objective in eliminating discrimination and retaliation at CUNY.

All told, none of Defendants' objections are justified, and their refusal to even be willing to schedule a deposition represents a "glaring lack of cooperation" with the discovery process. Laboratoires Majorelle SAS v. Apricus Biosciences, Inc., 2018 WL 11222866, at *5 (S.D.N.Y. Mar. 8, 2018). The Court should order Defendants to agree to produce a witness competent to testify on *all* topics within a reasonable time after Defendants complete their production (as next described).

**Defendants Must Amend Their Responses And Produce All Relevant Documents**

Similarly, Defendants objected and refused to respond to Interrogatory No. 5 and Document Request Nos. 11, 20, 31, 32, 34, 35, and 39–43. *See* **Ex. C** at p. 9–10 (Interrogatory Requests); p. 16 – 17; 24; 36–48 (Document Requests). These discovery requests pertain to the same subject matter as the deposition notice, and also seek documents and information pertaining to: lawsuits against CUNY, which Plaintiff agreed to limit to complaints or charges filed in state or federal court that allege Defendant Boudreau had discriminated or retaliated against any other employee of CUNY; payroll records for the staff of the Office of Diversity & Inclusion; documents that contained sworn testimony of Defendant Boudreau, including any testimony in the Dodd case, and; any documents Defendant CUNY believes are relevant to their defense that it had an efficacious anti-discrimination and antiretaliation policy with respect to defendant Boudreau. (**Exhibit C**) While Defendants made four "rolling" productions of their documents, *none* of the documents were responsive to these requests—not even Plaintiff's narrowed requests post-meet-and-confer. Defendants also failed to identify the requests to which their produced documents correspond.

As to Plaintiff's discovery requests, each of these categories of information relates to Defendants' discriminatory practices of replacing any staff who had the gumption to object to unlawful discrimination and replace them with individuals who are under—or unqualified but ostensibly willing to be loyal to Defendant Boudreau. Plaintiff objected to these practices, which caused her retaliatory termination. Because Plaintiff's protected conduct is based upon the allegation that she objected to Defendants' ongoing discrimination against several CUNY employees, these documents are relevant to Plaintiff's allegation and would demonstrate Defendants' clear motive to retaliate. Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1177–78 (2d Cir. 1996) ("Retaliatory discharge . . . occurs when a retaliatory motive plays a part in [the discharge]. . .whether or not it was the sole cause . . . [or] when an employer is motivated by retaliatory animus, even if valid objective reasons for the discharge exist.") (internal quotations omitted).

Contrary to Defendants' objections, any evidence that Defendants engaged in racial discrimination by terminating these employees is relevant to whether Defendants had a motive to *retaliate* against Plaintiff for *objecting* to these decisions / practices. See Harris v. Bronx Parent Hous. Network, Inc., No. 18CV11681GBDSN, 2020 WL 763740, at *2–3 (S.D.N.Y. Feb. 14, 2020) ("whether other employees have been retaliated against in connecting with [ ] discrimination

is relevant to Plaintiff's claims. If a pattern of discrimination exists, it may show that Defendant's proffered reasons for its decision regarding Plaintiff is pretextual."). In the present case, Plaintiff's claims include retaliation. Any evidence that Defendants engaged in a pattern of discrimination is relevant to Defendants' motive to retaliate against Plaintiff who objected to Defendants' discriminatory personnel practices. Unless Defendants are willing to admit to the discrimination, Plaintiff has a right to discover evidence supporting Defendant's motive to retaliate against her.

Based on the foregoing, Plaintiff respectfully requests that the Court enter an order compelling Defendants to: (1) designate a Rule 30(b)(6) witness and cooperate in scheduling the deposition; (2) comply with their discovery obligations by producing relevant information and documents, and (3) amending their written responses to Plaintiff's discovery requests, including those above, consistent with the Federal Rules.

Respectfully submitted,

*/s/ Toni Telles*
TONI TELLES

Enclosures

Plaintiff's application is GRANTED as to Topic 8 in the Rule 30(b)(6) Notice and the corresponding discovery requests, as Topic 8 is relevant to Plaintiff's remaining claims given the broad definition of that term for purposes of discovery.  Plaintiff's application, however, is otherwise DENIED, substantially for the reasons set forth in Defendants' response.  *See* ECF No. 48.  Put simply, those topics and requests have minimal or no relevance to Plaintiff's remaining claims.  To the extent that they have any relevance, the requests are not proportional to the needs of the case and/or Plaintiff can obtain the relevant information through other means, including depositions of the percipient witnesses.

The Clerk of Court is directed to terminate ECF No. 47.

SO ORDERED.

January 31, 2024