

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

February 2, 2024

**VIA ECF**
Hon. Jesse M. Furman
Southern District of New York
40 Foley Square, Room 1105
New York, New York 10007

Re: *Baptiste v. City University of New York, et al.*, 22-cv-02785 (JMF)

Dear Judge Furman:

This Office represents defendants City University of New York ("CUNY") and Vincent Boudreau (collectively "Defendants") in the above-referenced matter. I write pursuant to Your Honor's Individual Rules to respectfully request that the Court compel Plaintiff to serve revised initial disclosures pursuant to Fed. R. Civ. P. 26 ("Rule 26 Disclosures") and revised responses to Defendants' interrogatories ("Interrogatory Responses"). Based upon the Rule 26 Disclosures and Interrogatory Responses, Defendants deposed Lerrell Turner, whom Plaintiff identified as possessing relevant information. However, as described below, Ms. Turner testified that she did not possess any such information. It is apparent that Plaintiff has failed to properly identify individuals with relevant knowledge or information in this case, in violation of the basic rules of discovery, thus causing needless delay and expense, hence we are constrained to make the instant application.

Pursuant to the Court's Civil Case Management Plan and Scheduling Order (ECF No. 39), the parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on September 20, 2023. Plaintiff's Rule 26 Disclosures identified 23 individuals likely to have discoverable information that may be used to support Plaintiff's claims. *See* Exhibit A. Plaintiff failed to provide contact information for these individuals and, with very limited exceptions, stated only that each individual has "knowledge and/or information of the facts and claims contained in the Complaint, and possible related documentation." *Id.* This is patently insufficient to satisfy Rule 26.

Rule 26(a)(1)(A)(i) requires parties to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subject of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" "While a party is not necessarily required to provide a minute recitation of the putative witness' knowledge, the Rule 26(a)(1)(A) disclosure should indicate 'briefly the general topics on which such persons have knowledge.'" *Lobato v. Ford*, 2007 WL 2593485, at *5 (D. Colo. Sept. 5, 2007) (citing Advisory Committee Notes to 1993 Amendments to Rule 26(a)(1)(A)). One of the key purposes of this requirement is to allow parties

to determine which witnesses warrant deposition and thereby save the expense and resources of conducting needless depositions. *See Harry M. v. Pennsylvania Dep't of Public Welfare*, 2011 WL 53047, at *3 (M.D. Pa. Jan. 7, 2011).

Plaintiff's general, perfunctory statement that the individuals have "knowledge and/or information of the facts and claims contained in the Complaint, and possible related documentation" is insufficient to satisfy these requirements. *Lobato*, 2007 WL 2593485, at *5 ("[T]he disclosing party must provide more than a perfunctory statement that the identified person has information 'about the case.'"); *Hammonds v. Jackson*, 2015 WL 12867065, at *2 (N.D. Ga. Mar. 16, 2015) ("A general nod to facts enumerated in the Complaint [is] insufficient to apprise defendant of the subjects on which these witnesses could provide probative testimony . . ."); *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, 2021 WL 4808597, at *2 (N.D. Cal. Mar. 17, 2021) (vague explanations of the subjects of information do not serve the purpose of initially disclosing information to move forward in the discovery process and do not comply with Rule 26(a)(1)(A)(i)).

In an attempt to resolve the insufficiency of Plaintiff's Rule 26 Disclosures without court intervention, Defendants served Plaintiff with interrogatories seeking, *inter alia*, to identify individuals with knowledge and information relevant to this case. In her Interrogatory Responses, dated December 4, 2023, Plaintiff listed several additional individuals and also referred back to her Rule 26 Disclosures. *See* Exhibit B. In reliance on Plaintiff's Interrogatory Responses and Rule 26 Disclosures, Defendants issued deposition subpoenas to some of the individuals Plaintiff identified. However, it recently became clear that Plaintiff's Interrogatory Responses and Rule 26 Disclosures are not reliable in this regard.

Specifically, based on the representations in Plaintiff's Rule 26 Disclosures and her Interrogatory Responses, Defendants subpoenaed and deposed Lerrell Turner, a lay minister. Plaintiff's Rule 26 Disclosures identified Ms. Turner as having "knowledge and/or information of the facts and claims contained in the Complaint, and Plaintiff's emotional and/or psychological damages." *See* Exh. A, p. 5. Ms. Turner was also identified in Plaintiff's Interrogatory Responses as an individual whom Plaintiff consulted for any physical or mental condition, someone with whom Plaintiff communicated about the allegations contained in this action, and an individual with information concerning damages which Plaintiff seeks to recover in this action. *See* Exh. B, Nos. 4, 7, and 10. However, during her deposition on January 24, 2024, Ms. Turner testified that Plaintiff did not discuss her mental condition with her, and that she was not aware that Plaintiff had been terminated from CCNY *or even that she had worked at CCNY in the first place*. *See* Exh. C (excerpts from the deposition of Lerrell Turner, taken January 24, 2024) at 29:10-18, 29:22-30:03, and 32:19-33:02. Ms. Turner further testified that she contacted Plaintiff when she received the subpoena and Plaintiff was surprised that Ms. Turner had received a subpoena because Ms. Turner had no relevant information. *Id*. at 33:22-34:06. Moreover, Plaintiff's counsel objected to continuing the deposition at a later date because the witness "does not recall discussing anything about work with [] Ms. Baptiste." *Id*. at 41:12-20.

Thus, it is apparent that the inclusion of Ms. Turner in Plaintiff's Rule 26 Disclosures and Interrogatory Responses was incorrect and improper. Moreover, her inclusion calls into question the rest the individuals – numbering well over 25 – whom Plaintiff has identified in this case.

Indeed, Plaintiff repeatedly and knowingly identified Frank White, a "deceased" individual, in her Interrogatory Responses. *See* Exh. B, Nos. 4, 7, and 10.  It is thus evident that Plaintiff's identifications are improper and fail to provide Defendants with the request notice of potential witnesses who may have relevant knowledge or information in this case.   As such, Defendants have asked Plaintiff to revise her Rule 26 Disclosures and Interrogatory Responses in accordance with the applicable requirements.  Otherwise, Defendants cannot accurately determine which individuals to depose and run the risk of conducting more unnecessary depositions.

The parties met and conferred on January 30, 2024, by phone.  Despite acknowledging that Ms. Turner's deposition revealed her to have no relevant information, Plaintiff's counsel refuses to revise Plaintiff's Rule 26 Disclosures or Interrogatory Responses.  According to Plaintiff's counsel, Defendants should discuss the Rule 26 Disclosures with Plaintiff during her deposition and decide which witnesses to depose based on Plaintiff's deposition testimony.  This proposal is entirely improper and unworkable.  Defendants should not have to waste time during Plaintiff's deposition inquiring about the 25+ individuals she has identified in this case. To the contrary, Plaintiff has an obligation under Rule 26 to identify only witnesses with relevant knowledge and information, as well as to provide a description of the subject matter of that knowledge.  *See Lobato*, 2007 WL 2593485, at *6.  ("Rule 26(a)(1) does not permit a party to avoid its mandatory discovery obligations by arguing that the other side could have relied on its own resources to obtain the same information.").  Moreover, as often happens, Plaintiff's deposition is scheduled to take place on February 7, near the close of fact discovery.  Thus, Defendants simply do not have time to wait until after Plaintiff's deposition to subpoena and schedule the necessary third-party depositions.

For the reasons set forth above, Defendants respectfully request that the Court compel Plaintiff to serve revised Rule 26 Disclosures and Interrogatory Responses which properly identify individuals with knowledge and information relevant to this case. Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ *Shaina Schwartz*
Shaina L. Schwartz
Assistant Attorney General

Application GRANTED in part and DENIED in part.  Rule 26(a)(1)(A)(i) "requires more than a submission of a skeletal list of names" and "[w]hat must be contained in the initial disclosure of potential witnesses is clearly spelled out in" the Rule itself.  *In re Cole*, No. 8-19-77656 (LAS), 2022 WL 963749, at *6 (S.D.N.Y. Bankr. Mar. 30, 2022); *see* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring "the name and if known, the address and telephone number of each individual . . . along with the subjects of [any discoverable] information").  In this case, Plaintiff disclosed 26 names.  Although Plaintiff's disclosures leave something to be desired, the relevance of most witnesses on the list to the case is readily apparent from their job titles, references in the Complaint, and/or cross-references to Plaintiff's responses to Defendants' first set of interrogatories.  But Plaintiff shall, no later than **February 12, 2024**, provide a more detailed description of "the subjects of [any discoverable] information" for the eight or so "former employee[s] for Defendants" for whom Plaintiff provided only names and non-substantive descriptions of the relevant subject matter: Zinnanti, Trevisan, Driscoll, Reina, Hill, Witherspoon, Siderakis, and Kalia.  By the **same date**, Plaintiff shall, in good faith, remove from the list any person whom Plaintiff no longer believes to have "discoverable information."  The Clerk is directed to terminate ECF No. 50.  SO ORDERED.

February 8, 2024

3